UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY DALE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:05-cv-88 |
| ) | |
| v. ) | Honorable David W. McKeague |
| ) | |
| CHARLES F. FILICE, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This is a civil action brought by a *pro se* plaintiff. Plaintiff's complaint is a virtually incomprehensible amalgam of legal jargon and citations from every conceivable source of law from the Articles of Confederation through the International Covenant on Civil and Political Rights, and all points in between. The complaint, however, is devoid of any factual allegations. Attached to the complaint is a twenty-two-page factual statement, supported by witness affidavits, which essentially indicates that plaintiff is the subject of a criminal prosecution for traffic-related misdemeanors in the 54-A District Court in Lansing, Michigan. These documents reveal that plaintiff was arraigned before defendant Judge Frank DeLuca on December 8, 2004, and appeared thereafter before Judge Charles Filice on January 7, 2005. Plaintiff admits that he failed to appear for his pretrial conference on January 19, 2005, apparently because plaintiff believed that he had already "proved" his innocence at the arraignment. The course of proceedings thereafter is unclear, although plaintiff apparently believes that both defendant judges violated numerous provisions of the Michigan Court Rules in conducting criminal proceedings. For relief, plaintiff seeks the dismissal of all charges now

pending against him, in addition to an award of $150,000.00 punitive damages. Plaintiff has also filed a separate motion (docket # 5) seeking a stay of the state-court proceedings.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the court concludes that plaintiff's *pro se* action is meritless, because it is barred by the abstention doctrine.

## Discussion

Plaintiff's lawsuit is an obvious attempt to impede the orderly progress of the criminal prosecution now pending against him in the state district court, apparently for driving-related

offenses. It is not proper for a federal court to interfere with a pending state proceeding absent unusual circumstances not present here. *Younger v. Harris*, 401 U.S. 37, 40 (1971); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *McDonald v. Tennessee*, No. 03-5204, 2003 WL 22455421, at *1 (6th Cir. Oct. 28, 2003) (attempt to challenge traffic citation barred by *Younger* abstention). Abstention is appropriate if there is a pending state proceeding that implicates important state interests and provides plaintiff an adequate opportunity to raise constitutional claims. *See Gilbert v. Ferry*, 401 F.3d 411, 419 (6th Cir. 2005); *Tindall v. Wayne County Friend of the* Court, 269 F.3d 533, 538 (6th Cir. 2001). Each prerequisite is met in this case. Plaintiff's request that this court order dismissal of the misdemeanor proceedings now pending in the state district court against him runs afoul of the *Younger* abstention principle.

The federal district courts do not have appellate jurisdiction over the trial courts of the states. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Roch v. Humane Soc'y of Bedford County, TN, Inc.*, No. 04-5208, 2005 WL 1385938, at * 3 (6th Cir. June 8, 2005). In the vast majority of cases, a person aggrieved by the entry of an order in state proceedings must apply for relief to the state appellate courts and, if necessary, to the Supreme Court of the United States. Federal court lawsuits for injunctive relief brought against state judges in pending matters undermine the balance of the federal system and risk the introduction of chaos into the state judicial system. The *Younger* abstention doctrine was designed to forestall such evils.

For the foregoing reasons, the court determines that abstention under the doctrine of *Younger v. Harris* is necessary and appropriate. The pending action will therefore be dismissed without prejudice. Furthermore, the motion to stay state-court proceedings is barred by the

provisions of the Anti-Injunction Act, 28 U.S.C. § 2283, which forbids such federal court intrusion into state proceedings. That motion must therefore be denied.

Dated: June 23, 2005                     /s/   David W. McKeague
                                                        David W. McKeague
                                                        United States Circuit Judge[1]

---

[1] Honorable David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.